UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
SKENDER BENGANI,       :
                      :
            Plaintiff, :
                      :      18-cv-12000 (ALC) (SLC)
    -against-          :
                      :      <u>ORDER ADOPTING</u>
960 ASSOCIATES LLC, ET AL, :  <u>REPORT AND</u>
                      :      <u>RECOMMENDATION,</u>
                      :      <u>REMANDING THE CASE</u>
            Defendants. :     <u>TO STATE COURT</u>
                      :
----------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

After removal, Plaintiff voluntarily withdrew all claims against the original defendant and filed an amended complaint naming five new defendants, including 960 Associates LLC —the owner of the property where the Hotel is located—and Courtyard Management Corporation. With discovery now complete, Plaintiff moves to remand this case to state court for lack of subject matter jurisdiction, claiming he and 960 Associates are both New York citizens; thus, the Court's diversity jurisdiction is destroyed. (ECF No. 63).

Defendants concede that there is a lack of complete diversity, but argue that the Court should deny the Motion because: (i) Plaintiff "waived" his right to seek remand and "consented to this Court's jurisdiction by participating in extensive federal court litigation"; and (ii) remand would "offend principles of fundamental fairness" because "there is no basis by which the plaintiff will be able to establish his negligence cause of action against 960 Associates." (<u>Id.</u> at 2–5).

Magistrate Judge Cave concluded that federal subject matter jurisdiction over the case does not exist, recommending that the plaintiff's motion for remand be granted and that the case be remanded to state court. No parties filed objections to Judge Cave's Report. For the reasons that follow, the Court adopts Judge Cave's Report in its entirety as the opinion of the Court.

## PROCEDURAL HISTORY

Plaintiff commenced this action on November 20, 2018 in state court. (ECF No. 1-1). On December 19, 2018, Marriott, the original defendant, removed the action to this Court, asserting that the Court "has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this action is between citizens of different states and the amount in controversy alleged by plaintiff, upon information and belief, exceeds $75,000 exclusive of interest and costs." (ECF 1-2).

On May 3, 2019, via stipulation filed by Plaintiff, Marriott consented to the filing of an amended complaint, dismissing the claims against it and adding five new defendants, including 960 Associates. (ECF No. 11). The parties now concede that 960 Associates is a citizen of New York, destroying complete diversity since the plaintiff is a citizen of New York. On March 4, 2021, Plaintiff filed a motion to remand. The motion was fully briefed by March 24, 2021. On March 25, 2021, I referred the Motion to Magistrate Judge Cave for a Report and Recommendation. (ECF No. 68). Magistrate Judge Cave issued her Report and Recommendation on May 10, 2021. (ECF No. 69).

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A district judge must undertake a *de novo* review of any portion of a magistrate judge's report that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

## DISCUSSION

In a sagacious report, Magistrate Judge Cave recommended Plaintiff's Motion to Remand be granted. Magistrate Judge Cave properly concluded that even though a party may waive its

right to seek remand regarding procedural defects related to an improper removal, a party's participation in discovery does not create subject matter jurisdiction.

Judge Cave thoroughly outlined the requirements of 28 U.S.C. § 636(b)(1) and Rule 72(b). Report at 19. Judge Cave stated that the parties had fourteen (14) days from the date of service to file any objections, and that failure to do so would "result in a waiver of objections and will preclude appellate review." *Id.* No party filed objections to the Report. *See* ECF. Thus, the parties have waived any right to further appellate review.

This Court has reviewed the Report for clear error and finds none. Accordingly, Judge Cave's well-reasoned Report and Recommendation is adopted in its entirety as the opinion of the Court.

## CONCLUSION

For the reasons herein, the Court adopts Judge Cave's Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion to Remand is GRANTED.  The case is remanded to state court.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

**Dated: October 20, 2021**
          **New York, New York**

   /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
**United States District Judge**